## * * * EMERGENCY PETITION FOR A WRIT OF HABEAS CORPUS * * *

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

BYRON WALKER,

    Petitioner,

vs.                                Civil Action No._____

WARDEN F.C.I. FORT DIX,

    Respondent.

_____/

### PRO SE PETITION FOR WRIT OF HABEAS CORPUS AND RELEASE ON BAIL, AND AUTHORITY IN SUPPORT THEREOF, PURSUANT 28 U.S.C. 2241(c)(3)

**NOW COMES** Petitioner, BYRON WALKER, and respectfully submits this Emergency Petition for a Writ of Habeas Corpus, and Release on Bail, pending pursuant to 28 U.S.C. 2241(c)(3).

### I. PRELIMINARY STATEMENT.

Petitioner seeks his immediate release from the custody of the Federal Bureau of Prisons on the ground that he is "actually innocent" of "using" a firearms and silencers during and in relation to a drug trafficking crime. The basis for Petitioner's "actual innocence" claim is *Bailey v. United States, 516 U.S. 137 (1995)*, which requires "active employment" of a firearm for a conviction under 18 U.S.C. 924(c).

Since none of the offense conduct underlying Petitioner's offense of conviction involved any "active employment" of a firearm, he is "actually innocent" of the Section 924(c) offense and entitle to habeas relief.

## II. JURISDICTIONAL STATEMENT.

It is well settled that a petition for a writ of habeas corpus seeking the release of a prisoner must be filed in the judicial district in which the prisoner is being held. Petitioner is presently imprisoned in the District of New Jersey, and this petition is therefore properly filed in this Court.

## III. RELEVANT UNDERLYING FACTS AND PROCEEDINGS.

In February 1993, ATF agents began investigating Petitioner and seven others for suspected cocaine trafficking. Undercover agents arranged a meeting with the suspects posing as a drug dealer interested in hiring them to rob a shipment of cocaine that was purportedly due to arrive by boat at a Miami drug dealer's home. On the morning of February 26, 1993, the eight conspirators met with the undercover agent at a pre-arranged location, for the purpose of effectuating the robbery. However, before the men could depart to the site of the proposed robbery, federal agents intervened and arrested Petitioner and the others. Agents recovered firearms from the vehicles occupied by the defendants.

Petitioner was charged in the U.S. District Court for the Southern District of Florida (Docket No. 93-CR-123) with, *inter alia*, using firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. 924(c)(1). Petitioner entered a plea of not guilty and proceeded to trial. In instructing the jury on the elements of the offense, the district court allowed the jury to convict Petitioner if the jury found that he "used" a firearm during and in relation to the conspiracy to possess with the intent to distribute cocaine. The jury subsequently returned a general verdict of guilty, and Petitioner was subsequently sentenced to a thirty-year mandatory minimum on the Section 924(c)(1) count – a sentence that he is currently serving.

Petitioner subsequently appealed the judgment of conviction and sentence, to no avail. A motion under 28 U.S.C. 2255 also proved fruitless. Subsequent to his conviction and the filing of his direct appeal, the U.S. Supreme Court decided *Bailey v. United States, 516 U.S. 137 (1995)*, which Petitioner was advised by former counsel could not be applied to his case since his conviction was entered prior to the issuance of a the decision. Based on this advice from counsel, relief based on the holding in *Bailey* had not been sought in previous Section 2255 petitions.

## IV. REASONS FOR GRANTING THE WRIT OF HABEAS CORPUS.

**PETITIONER IS "ACTUALLY INNOCENT" OF USING FIREARMS DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME AND HE IS, THEREFORE, IN CUSTODY IN VIOLATION OF THE BOTH LAWS AND CONSTITUTION OF THE UNITED STATES**

As a preliminary matter, it should be noted that where a petitioner demonstrates actual innocence of his offense of conviction, he may proceed to seek relief by way of a petition for a writ of habeas corpus that otherwise would have been time-barred under 28 U.S.C. 2255. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). Today it is well settled law that the Supreme Court has recognized an "actual innocence" exception to certain procedural bars to habeas review. Under that exception, "where a constitutional violation has probably resulted in *the conviction of one who is actually innocent*, a federal habeas court may grant the writ [of habeas corpus] even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see also McQuiggin*, 133 S.Ct. at 1931 *("In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief")l Bousley v. United States*, 523 U.S. 614, 623 (1998); *United States v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014).

-4-

"This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Herrera v. Collins, 506 U.S. 390, 404 (1993)*. It "seeks to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interests in justice that arises in the extraordinary case." *Schlup v. Delo, 513 U.S. 298, 324 (1995)*. The present case is extraordinary in that the Supreme Court decided *Bailey* (which removed the conduct underlying the conviction here from the reach of Section 924(c)) after the trial, and the filing of the appeal in this case and Petitioner was advised by assigned counsel that the decision did not apply retroactively to his conviction.

In order to establish a habeas claim of "actual innocence," a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup, 513 U.S. at 327; House v. Bell, 547 U.S. 518, 537 (2006)*. Petitioner here easily and convincingly clears that hurdle. Simply put, the evidence adduced at trial demonstrated that the Petitioner was arrested before they departed to the purported robbery site and none of the firearms were displayed, brandished, or discharged.

No rational juror, receiving a proper jury instruction with the requirements enunciated in *Bailey*, would have found beyond a reasonable doubt that Petitioner "used" any of the firearms recovered in this case. The absence of such a finding would have precluded a conviction under Section 924(c), and the thirty-year mandatory minimum sentence that Petitioner is currently serving. Inasmuch as the facts of this case conclusively establish Petitioner's "actual innocence" of "use" of a firearm during and in relation to a drug trafficking crime, an order granting this petitioner should issue forthwith in the interest of justice, and to prevent further manifest injustice.

V. **PETITIONER SHOULD BE IMMEDIATELY RELEASED ON BAIL PENDING THE FINAL DISPOSITION OF THE PETITION FOR A WRIT OF HABEAS CORPUS SINCE THERE ARE SUBSTANTIAL QUESTIONS RAISED BY THE PETITION, A REAL LIKELIHOOD OF SUCCESS ON THE MERITS OF THE PETITION AND THERE ARE EXTRAORDINARY REASONS THAT WARRANT RELEASE**

Petitioner seeks his release on bail pending resolution of this petition. This Petitioner respectfully submits that the imminent threat of death or serious bodily injury -- posed by the current conditions of his confinement and COVID-19 – constituted extraordinary and compelling circumstances for granting bail pending the final disposition of the habeas petition.

"To qualify for release, the petitioner must show (1) the presence of special circumstances in his case, and (2) a clear and readily evident entitlement to relief on the merits of his habeas claims; making his application 'exceptional and deserving of special treatment in the interest of justice.'" *Wilson v. Sec'y, Dep't of Corr.*, 2016 WL 10891523, at *3 (M.D. Fla. 2016)(citing *Aronson v. May*, 85 S.Ct. 3, 5 (1964); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990); *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)("[b]ail should be granted to a . . . prisoner pending post-conviction habeas corpus review only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary circumstances exist which make the grant of bail necessary to make the habeas remedy effective."); *In re Roe*, 257 F.3d 1077, 1080-81 (9th Cir. 2001); *Baker v. Sand*, 420 F.2d 1342, 1343 (D.C. Cir. 1969); *Glenn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972). Such relief should be granted as this petition raises substantial constitutional claims upon which Defendant is likely to succeed. Further, the imminent threat of death or serious bodily injury posed by the deadly virus presents extraordinary circumstance counseling in favor of Defendant's immediate release on bail.

## VI. CONCLUSION.

Defendant having demonstrated that he was deprived of the basic Sixth Amendment protection afforded to all criminal defendants, and that he is "actually innocent" of the offense of conviction, the Court should grant both this petition for a writ of habeas corpus and bail pending the final disposition of this petition.

**WHEREFORE**, Defendant prays that this Court will grant this petition in its entirety.

Dated: Fort Dix, New Jersey
       January 29, 2021

Respectfully submitted,

*Byron Walker*

_____
BYRON WALKER
REGISTER NO. 46692-004
F.C.I. FORT DIX
P.O. BOX 2000
JOINT BASE MDL, NEW JERSEY 08640