UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BYRON WALKER,

        Petitioner,

   v.

WARDEN F.C.I FORT DIX,

        Respondent.

Civil Action
No. 21-1780 (CPO)

OPINION

**O'HEARN, District Judge.**

    Petitioner is a federal prisoner currently incarcerated at Federal Correctional Institution Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons stated in this Opinion, the Court will dismiss the Petition for lack of jurisdiction.

### I.    BACKGROUND

    In another of Petitioner's § 2241 cases, *Walker v. Shartle*, No. 11-4518, 2012 WL 714448, at *1–2 (D.N.J. Mar. 2, 2012), Judge Hillman set forth the background of this matter as follows:

> Pursuant to a judgment of conviction entered on November 4, 1994, in the United States District Court for the Southern District of Florida (Miami), a jury found Petitioner guilty of the following charges: conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1); using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2; and possession of unregistered machine gun, in violation of 26 U.S.C. § 5861(d) and § 5871 and 18 U.S.C. § 2. The jury also answered verdict interrogatories finding that Petitioner and his co-defendants had knowingly used or carried a "machine gun," and that each had knowingly used or carried a firearm "equipped with a silencer." Petitioner was sentenced to an aggregated prison term of 624 months to be followed with five years supervised release.
>
> Petitioner filed a timely notice of appeal. On September 2, 1999, the United States Court of Appeals for the Eleventh Circuit issued a per

> curiam opinion affirming Petitioner's conviction and sentence. On October 2, 2000, the United States Supreme Court denied his petition for a writ of certiorari. *Walker v. United States,* 531 U.S. 837, 121 S.Ct. 97, 148 L.Ed.2d 56 (2000).
>
> On September 26, 2001, Petitioner filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, alleging two grounds for relief. Namely, Petitioner asserted (1) a claim of ineffective assistance of appellate counsel for failure to challenge the absence of a *Pinkerton* instruction, and (2) that his Fifth Amendment right of due process and his Sixth Amendment right to a trial by jury were violated when he was charged and convicted by a jury for conspiracy to possess with intent to distribute a detectable amount of cocaine, but was sentenced for an amount that had not been proven beyond a reasonable doubt. The second claim was based on the then-recent Supreme Court decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000). (*See Walker v. United States of America,* Civil No. 1:01–cv–03990–DTKH (United States District Court for the Southern District of Florida (Miami)) at Docket entry nos. 1 and 3).
>
> On May 16, 2002, an Order was entered in the United States District Court for the Southern District of Florida denying Petitioner's § 2255 motion for the reasons stated in the Report and Recommendation of the Magistrate Judge filed on April 30, 2002. (*Id,* Docket entry nos. 18 and 19). Petitioner appealed to the Eleventh Circuit, and on or about August 31, 2004, a mandate of the Eleventh Circuit was issued, including the certified copy of the judgment and opinion of the Eleventh Circuit (decided January 29, 2004), which affirmed the denial of Petitioner's § 2255 motion. (*Id.,* Docket entry no. 33).

*Walker*, 2012 WL 714448, at *1–2. In the following twenty or so years, Petitioner filed a plethora of § 2255 motions, § 2241 petitions, and other collateral challenges to his conviction and sentence, and the courts have rejected these challenges.[1] Those collateral challenges are not relevant to the instant Petition.

---

[1] Respondent set forth a summary of the extended procedural history in his Answer. (ECF No. 7, at 8–11.)

In February of 2021, Petitioner filed the instant Petition under 28 U.S.C. § 2241, challenging the validity of his conviction and sentence. (ECF No. 1, at 4.)  Petitioner relies on *Bailey v. United States*, 516 U.S. 137, 139 (1995), to challenge his conviction for using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (ECF No. 1, at 1–2.)   As discussed in greater detail below, Petitioner alleges that because federal officers arrested him before he and his co-conspirators could rob the shipment of cocaine, the firearms in their cars were not "used" during or in relation to a drug trafficking crime. (ECF No. 1, at 2.)  Respondent filed an Answer opposing relief, (ECF No. 7), and Petitioner filed a Reply, (ECF No. 8.).

## II.     STANDARD OF REVIEW

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).  If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

### III.    DISCUSSION

In this case, Petitioner challenges his federal conviction and sentence under 28 U.S.C. § 2241.  Generally, however, a person must challenge the validity of a federal conviction or sentence under 28 U.S.C. § 2255.  *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).  This is true because § 2255 prohibits a district court from entertaining a challenge to a federal conviction or sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective."  *See* 28 U.S.C. § 2255(e).  More specifically, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to utilize § 2241, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).  However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538.  "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who had previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The Third Circuit emphasized that it was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Consequently, under *Dorsainvil* and its progeny, this Court would have jurisdiction over the Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

With those principles in mind, Petitioner fails to allege facts sufficient to bring the Petition within the *Dorsainvil* exception. Petitioner relies on *Bailey v. United States*, 516 U.S. 137, 139 (1995), to challenge his conviction for using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (ECF No. 1, at 1–2.) In *Bailey*, the Supreme Court held that "use" of a firearm "must connote more than mere possession," and "that the Government must show active employment of the firearm." *Bailey*, 516 U.S. at 143–44. The Court defined active employment to include, among other scenarios, "'brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire a firearm,' as well as the offender's reference to the fact that he possesses a firearm." *United States v. Diallo*, 575 F.3d 252, 257 (3d Cir. 2009) (quoting *Bailey*, 516 U.S. at 148).

5

Petitioner contends that because "none of the offense conduct underlying [his] offense of conviction involved any 'active employment' of a firearm, he is 'actually innocent' of the Section 924(c) offense." (ECF 1, at 2.) According to Petitioner, he and his co-conspirators met with undercover agents who "hired" them to "rob a shipment of cocaine that was . . . due to arrive by boat at a Miami drug dealer's home," but upon arriving at "a pre-arranged location, for the purpose of effectuating the robbery, . . . federal agents intervened and arrested Petitioner and others. . . [and] recovered firearms from [their] vehicles." (*Id.*)  By Petitioner's logic, he was unable to "use" or "actively employ" his firearm(s) because federal agents had stopped him too early. (ECF No. 1, at 5–6.) As a result, he argues that there is no evidence that he used the firearm(s), and that he is actually innocent of his § 924(c) conviction. (*Id.*) Consequently, for the purpose of jurisdiction only, the Court will assume *arguendo* that Petitioner's *Bailey* claim satisfies the first *Dorsainvil* prong by alleging that he is actually innocent.

Next, under the second prong, the Supreme Court decided *Bailey* in 1995, after Petitioner's judgment of conviction in 1994. *Walker*, 2012 WL 714448, at *1. *Bailey* constitutes a retroactive change in substantive law, and based on Petitioner's version of the events, it could theoretically negate the criminality of Petitioner's conduct. *Dorsainvil*, 119 F.3d at 248 (finding that *Bailey* applies retroactively); *see also Bousley v. United States*, 523 U.S. 614, 616 (1998). Accordingly, for the purpose of jurisdiction only, the Court will assume *arguendo* that Petitioner's *Bailey* claim satisfies the second *Dorsainvil* prong.

Petitioner's *Bailey* claim, however, fails the third *Dorsainvil* prong. Petitioner could and should have raised his *Bailey* claim on direct appeal or by motion under 28 U.S.C. § 2255. The Supreme Court decided *Bailey* in 1995, but Petitioner's direct appeal to the Eleventh Circuit was pending from November of 1994 until September 2, 1999, when the Eleventh Circuit affirmed his

conviction and sentence. *Walker*, 2012 WL 714448, at *1. Approximately one year later, the Supreme Court denied Petitioner's petition for writ of certiorari. *Walker*, 531 U.S. 837 (2000). As a result, Petitioner could have raised his *Bailey* claim during his direct appeals or included it in his § 2255 motion. Indeed, the *Dorsainvil* case itself arose because the Supreme Court decided *Bailey* after the denial of Mr. Dorsainvil's first § 2255 motion. *Dorsainvil*, 119 F.3d at 247–52. Unlike Petitioner, the Third Circuit allowed Mr. Dorsainvil to file his *Bailey* claim under § 2241 precisely because Mr. Dorsainvil "never had an opportunity" to raise the claim before. *Id.* at 251. Indeed, in *Grapes v. Sauers*, 514 F. App'x 105, 108 (3d Cir. 2013), the Third Circuit affirmed the dismissal of a *Bailey* claim under § 2241 because the petitioner's "failure to raise his claim on direct appeal or pursuant to a § 2255 motion [did] not mean that he lacked an earlier opportunity to challenge his conviction and sentence" under *Bailey*.

In his filings, Petitioner contends that he could not raise his *Bailey* claim before because his attorney advised him that *Bailey* could not apply to his case. (ECF No. 8, at 3–4.) As discussed above, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539. Petitioner could have raised his claims under § 2255, his personal failure to do so, for whatever reason, does not render the remedy ineffective. *Grapes*, 514 F. App'x at 108; *United States v. Northcutt*, No. 04-72, 2018 WL 1072515, at *3 (W.D. Pa. Feb. 27, 2018) (finding that ignorance of developments of the law does not render § 2255 inadequate or ineffective); *Myers v. Longley*, No. 10-277, 2012 WL 1229334, at *2 (W.D. Pa. Apr. 12, 2012) (finding that attorney error did not render § 2255 inadequate or ineffective).

Once again, "[i]t is the inefficacy of the remedy, *not the personal inability to use it*, that is determinative." *Id*. at 538 (emphasis added).  Consequently, the Court finds that the allegations in the Petition, accepted as true, would not necessarily demonstrate that "some limitation of scope or procedure . . . [prevented] a § 2255 proceeding from affording him a full hearing and adjudication," or that he "had no earlier opportunity to challenge his conviction" and sentence with his *Bailey* claim. *Cradle*, 290 F.3d at 538; *see also Massey v. U.S.*, 581 F.3d 172, 174 (3d Cir. 2009); *Dorsainvil*, 119 F.3d at 251.  For those reasons, Petitioner's *Bailey* claim fails to meet the third *Dorsainvil* prong, and this Court lacks jurisdiction under § 2241 to entertain the Petition.

Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Eleventh Circuit to file a second or successive § 2255 motion.  28 U.S.C. § 2244(b)(3).  This Court finds that it is not in the interest of justice to transfer this Petition to the Eleventh Circuit, as it does not appear that Petitioner can satisfy the requirements of § 2244(b)(2).  However, this Court's decision does not prevent Petitioner from seeking permission from the Eleventh Circuit on his own.

### IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction.  An appropriate Order follows.

DATED:  April 24, 2023

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**