UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BYRON WALKER,

        Petitioner,

v.

WARDEN F.C.I FORT DIX,

        Respondent.

Civil Action
No. 21-1780 (CPO)

**OPINION**

**O'HEARN, District Judge.**

Before the Court is Petitioner's motion for reconsideration[1] pursuant to Federal Rule of Civil Procedure 59(e), of the Court's April 24, 2023, Opinion and Order. (ECF Nos. 10, 11.) Respondent filed an opposition, (ECF No. 14), and Petitioner did not file a reply. For the following reasons, the Court will deny Petitioner's motion.

Local Civil Rule 7.1(i) governs motions under Rule 59(e) and allows parties to seek reconsideration of what they believe are "overlooked" matters. *See e.g.*, *Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013). To be successful on a motion for reconsideration, the moving party must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

---

[1] Petitioner titled his filing as a "motion for relief from judgment and/or reconsideration," but the Court construes it to be primarily a motion for reconsideration. (*See* ECF No. 12, at 1.) To the extent Petitioner has filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), the Court will deny it for substantially the same reasons set forth below.

In this case, Petitioner had sought to challenge his conviction and sentence under 28 U.S.C. § 2241. (ECF No. 1.)  As the Court previously explained, 28 U.S.C. § 2255 prohibits a district court from entertaining a challenge to a federal conviction or sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective."  *See* 28 U.S.C. § 2255(e).  More specifically, the "savings clause" in § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

Petitioner argued that § 2255 was inadequate or ineffective because his claim was based on an intervening change in statutory interpretation that he was unable to previously raise. (ECF No. 1, at 1–6.)

The Court rejected his arguments and dismissed the Petition for lack of jurisdiction.  As set forth in the Court's prior Opinion:

> [U]nder *Dorsainvil* and its progeny, this Court would have jurisdiction over the Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review.
>
> With those principles in mind, Petitioner fails to allege facts sufficient to bring the Petition within the *Dorsainvil* exception. Petitioner relies on *Bailey v. United States*, 516 U.S. 137, 139 (1995), to challenge his conviction for using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).
>
> . . . .
>
> [Petitioner's *Bailey* claim] fails the third *Dorsainvil* prong. Petitioner could and should have raised his *Bailey* claim on direct appeal or by motion under 28 U.S.C. § 2255.  The Supreme Court

2

> decided *Bailey* in 1995, but Petitioner's direct appeal to the Eleventh Circuit was pending from November of 1994 until September 2, 1999, when the Eleventh Circuit affirmed his conviction and sentence. Approximately one year later, the Supreme Court denied Petitioner's petition for writ of certiorari. As a result, Petitioner could have raised his *Bailey* claim during his direct appeals or included it in his § 2255 motion. Indeed, the *Dorsainvil* case itself arose because the Supreme Court decided *Bailey* after the denial of Mr. Dorsainvil's first § 2255 motion. Unlike Petitioner, the Third Circuit allowed Mr. Dorsainvil to file his *Bailey* claim under § 2241 precisely because Mr. Dorsainvil "never had an opportunity" to raise the claim before. Indeed, in *Grapes v. Sauers*, 514 F. App'x 105, 108 (3d Cir. 2013), the Third Circuit affirmed the dismissal of a *Bailey* claim under § 2241 because the petitioner's "failure to raise his claim on direct appeal or pursuant to a § 2255 motion [did] not mean that he lacked an earlier opportunity to challenge his conviction and sentence" under *Bailey*.
>
> In his filings, Petitioner contends that he could not raise his *Bailey* claim before because his attorney advised him that *Bailey* could not apply to his case. As discussed above, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Petitioner could have raised his claims under § 2255, his personal failure to do so, for whatever reason, does not render the remedy ineffective. . . .
>
> Once again, "[i]t is the inefficacy of the remedy, *not the personal inability to use it*, that is determinative." Consequently, the Court finds that the allegations in the Petition, accepted as true, would not necessarily demonstrate that "some limitation of scope or procedure . . . [prevented] a § 2255 proceeding from affording him a full hearing and adjudication," or that he "had no earlier opportunity to challenge his conviction" and sentence with his *Bailey* claim. For those reasons, Petitioner's *Bailey* claim fails to meet the third *Dorsainvil* prong, and this Court lacks jurisdiction under § 2241 to entertain the Petition.

(ECF No. 10, at 5–8 (citations omitted).)

In his motion for reconsideration, Petitioner contends that the Court failed to consider whether "cause and prejudice existed to overcome Petitioner's procedural default." (ECF No. 12, at 1.) He alleges that because counsel had already filed his initial brief on direct appeal, the

3

Eleventh Circuit's court rules would have prevented him from amending the brief to include his *Bailey* claim or filing a supplemental brief on the issue. (*Id*. at 1–2.)  In essence, Petitioner argues for the first time that his claim was procedurally defaulted, and that he has cause and prejudice to excuse that default.

As a preliminary matter, this Court is not persuaded that the Eleventh Circuit would have absolutely refused to consider Petitioner's *Bailey* claim, had he attempted to amend his brief.  As a court may, at times, relax court rules in a variety of situations, including in the interests of justice. Regardless, Petitioner could have also raised the claim in a § 2255 motion, but Petitioner does not meaningfully address that portion of the Court's earlier Opinion. (*Compare* ECF No. 10, at 7, *with* ECF No. 12.)

More importantly, after this Court dismissed the Petition for lack of jurisdiction, the Supreme Court decided *Jones v. Hendrix*, 599 U.S. 465 (2023), which now definitively forecloses any relief to Petitioner.  In *Jones*, the Supreme Court held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id*. at 471.  As a result, *Jones* abrogated the Third Circuit's decision in *Dorsainvil*, and precludes the use of the *Dorsainvil* exception. *Id*. at 477 ("We now hold that the saving clause does not authorize such an end-run around" the Antiterrorism and Effective Death Penalty Act's restrictions on second or successive § 2255 motions.); *Voneida v. Johnson*, 88 F.4th 233 (3d Cir. 2023) (acknowledging abrogation).

*Jones* "sharply curtail[ed] the use of the savings clause for collateral attacks under § 2241," and limits its use to "the unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court."  *Parke v. Bergami*, No. 21-20385, 2023 WL

4

6619636, at *2 (D.N.J. Oct. 11, 2023) (quoting *Jones*, 599 U.S. at 474).  As an example, the Supreme Court explained that such circumstances include "the sentencing court's dissolution; [as] a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Jones*, 599 U.S. at 474; *see id*. at 504 (J. Jackson, dissenting) (explaining that the "impossible or impracticable" standard effectively limits the saving clause to situations such as when the sentencing court "has burned to the ground or been carried away by a mudslide").  Additionally, "[t]he saving clause might also apply when it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Jones*, 599 U.S. at 475 (internal quotation marks omitted).

Thus, post-*Jones*, the saving clause under § 2255(e) only "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478.

As the *Dorsainvil* exception no longer exists, Petitioner can no longer argue that the savings clause allows him to raise his *Bailey* claim in a § 2241 petition.  In other words, he can no longer argue that § 2255 is inadequate or ineffective because *Bailey* was an "intervening change in statutory interpretation," that he had no earlier opportunity to challenge.  *Id*. at 471, 491 (finding that "§ 2255(h) specifies the two circumstances in which a second or successive collateral attack on a federal sentence is available, and those circumstances do not include an intervening change in statutory interpretation"); *see also, e.g.*, *Polk v. Warden Allenwood FCI*, No. 19-3336, 2023 WL 8665979, at *2 (3d Cir. Dec. 15, 2023); *Voneida*, 88 F.4th 233 (explaining that after *Jones* "two— and only two—conditions in which a second or successive" collateral attack may proceed, . . . and an intervening change in statutory interpretation is not among them"); *Ferguson v. Warden Fairton*

5

*FCI*, No. 17-2819, 2023 WL 8295925, at *2 (3d Cir. Dec. 1, 2023).  Nor has Petitioner otherwise met the "impossible or impracticable" standard, *Jones*, 599 U.S. at 474, as his sentencing court, the United States District Court for the Southern District of Florida, has not "burned to the ground or been carried away" by the waves. *Id.* at 504 (J. Jackson, dissenting).

For those reasons, even if Petitioner's motion merited reconsideration under prior precedent, *Jones* forecloses any relief with respect to his *Bailiey* claim under § 2241.  *Polk*, 2023 WL 8665979, at *2 ("[T]he 'inability of a prisoner with a statutory claim to satisfy' the requirements for filing a second or successive § 2255 motion 'does not mean that he can bring his claim in a [§ 2241] petition under the saving clause. It means that he cannot bring it at all.'") (quoting *Jones*, 599 U.S. at 480); *Voneida*, 88 F.4th 233.  Accordingly, the Court will deny Petitioner's motion for reconsideration.

DATED:  January 12, 2024

                                               /s/ Christine P. O'Hearn
                                             **Christine P. O'Hearn**
                                             **United States District Judge**